IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EDGAR PEÑA;** PLAINTIFF V. **PUERTO RICO TOURISM COMPANY; CORPORACIÓN DE DESARROLO HOTELERO; UNIVERSAL INSURANCE COMPANY;** INSURERS 1-10; UNKNOWN DEFENDANTS 1-10; DEFENDANTS | CIVIL NO.: PLAINTIFF DEMANDS TRIAL BY JURY TORTS - DIVERSITY |

## COMPLAINT

**TO THE HONORABLE COURT**:

Comes now Plaintiff, by and through his undersigned attorney, who respectfully states, alleges, and requests as follows:

**I.   NATURE OF ACTION**

1.1   This is an action brought under the laws of the Commonwealth of Puerto Rico, seeking compensatory damages for the emotional and physical injuries suffered by **EDGAR PEÑA** as a result of the injury he sustained in public property under the jurisdiction of the **PUERTO RICO TOURISM COMPANY** and the **CORPORACIÓN DE DESARROLO HOTELERO.**

1.2   Said public property was knowingly kept in dangerous conditions by the **PUERTO RICO TOURISM COMPANY** and the **CORPORACIÓN DE DESARROLO HOTELERO**, and allowed to continue in a such dangerous state for an extended period of time without ameliorating the risks that said public property was causing.

**II.   JURISDICTION AND VENUE**

2.1   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as

the claims involve citizens that are residents and are domiciled in different States of the United States of America and the damages suffered by Plaintiff exceed the amount of $75,000.00, excluding costs and interests.

2.2    Venue is proper in the instant case as all claims arise from events that occurred within the jurisdiction of this Court in the Commonwealth of Puerto Rico.

2.3    The plaintiff demands that all issues of material fact be tried by jury.

### III. PARTIES TO THE ACTION

3.1    Plaintiff **EDGAR PEÑA** ("**PENA**" or "Plaintiff") is of legal age, resident of the State of Florida and the injured party to this case due to Defendant's negligence and misconduct.

3.2    Defendant **UNIVERSAL INSURANCE COMPANY** ("**UNIVERSAL**") is an entity incorporated in and with its principal place of business in San Juan, Puerto Rico, who issued an insurance policy in favor of the **PUERTO RICO TOURISM COMPANY** and of **CORPORACIÓN DE DESARROLO HOTELERO** that covers the accident object of this complaint.

3.3    The **PUERTO RICO TOURISM COMPANY** (hereinafter **"PRTC"** or "Defendant") is a governmental entity created by law with the capacity to sue and be sued. The PRTC is the owner of the public property where the accident object of this complaint occurred.

3.4    The **CORPORACIÓN DE DESARROLO HOTELERO** (hereinafter "**CDH**" or collectively "Defendants") is a subsidiary of the PRTC. As a governmental entity created by law, it has the capacity to sue and be sued. The PRTC/CDH is/are the owners of the public property where the accident object of this complaint occurred.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

4.1    On May 10, 2023, **EDGAR PEÑA** was enjoying the tourist area known as "La Ventana al Mar" located in San Juan, Puerto Rico, in the tourist district also known as Condado. While he was enjoying this area, when he came into contact with the handrail, it detached causing **PEÑA** to fall several feet into the void crashing into the stone wave breaker.

4.2     As a result of this fall, **PEÑA** suffered multiple and severe bodily traumas in various parts of his body, open wounds and damage to soft tissues, among others, for which he was transferred to the Puerto Rico Medical Center on an emergency basis. Since then, he has undergone extensive medical treatment including surgery. All of the above has caused considerable physical and emotional distress, medical expenses and has left him with a permanent partial impairment in his total bodily function.

4.3     The above-mentioned accident was caused solely by the negligence of the **Defendants** when they failed to properly maintain the public property where the hand railings were negligently maintained; nor was there proper signage providing notice to the citizenry of the hazard that awaited them, in an area frequented by tourists, locals and visitors alike.

4.4     The **Defendants** knew or should have known about the existence of said hazardous and perilous condition negligently maintained by its employees or agents, and it was reasonably foreseeable to **Defendants** that such condition could, and did, pose a threat to the safety and well-being of the tourists, citizens, visitors and any other person lawfully using said area, including Plaintiff, but did nothing to eliminate such dangerous condition or warn about its existence before the occurrence of the fall suffered by Plaintiff.

4.5     The **Defendants** had a duty towards the tourists, citizens, visitors and others to keep public property in a reasonably safe condition and to reasonably inspect the same according to applicable standards, as well as pursuant to its knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent the pedestrians and others lawfully using said grounds, including Plaintiff, from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

4.6     The **Defendants** had a duty towards tourists, citizens, visitors and others to provide adequate supervision, training, and instructions to its employees or agents to ensure these individuals could identify and recognize hazardous and dangerous conditions, so that they could adequately take

any proper, reasonable and necessary precautions or measures required to protect the pedestrians and others lawfully on said grounds, including Plaintiff, from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

  4.7  The **Defendants** were negligent in that they breached and utterly failed to comply with its duties to:

  a. properly inspect the public property in order to identify hazardous, perilous or dangerous conditions;

  b. remove or eliminate hazardous, perilous or dangerous conditions;

  c. properly train and instruct its agents or employees to maintain the public property in a reasonably safe condition for the use of pedestrians and others -- including, but not limited to, training and instructions on how to adequately inspect, identify and remove or eliminate or warn against hazardous, perilous or dangerous conditions;

  d. maintain the public property grounds in reasonably safe conditions, free from hazardous, perilous or dangerous conditions;

  e. lacked properly maintained hand railings or proper signage providing notice to the citizenry of the hazard that awaited them;

  d. lacked the cordoning off of the area where the handrailing was installed to ensure that visitors were not unnecessarily exposed to an inherent risk of harm until the same was repaired.

  4.8  It was reasonably foreseeable to the **Defendants** that thier failure to comply with one or more of the previously mentioned duties could cause pedestrians, visitors, and others lawfully using said grounds to suffer injuries, damages and harm, as those occasioned to and suffered by **PEÑA**.

  4.12  The sole and exclusive negligence of the **Defendants** was the proximate or adequate cause of the injuries, damages and losses suffered by the Plaintiff, stated herein.

  4.13  Upon information and belief, at all relevant times, the **Defendants** had actual and constructive knowledge of the hazardous condition the public property.

  4.14  By incurring in such negligence, the **Defendants** caused the accident, for which they respond to **PEÑA** for the damages suffered.

4.15  **UNIVERSAL**, issued an insurance policy that covers the area where the accident occurred as well as the damages suffered by Plaintiff, under whose express terms **UNIVERSAL** and the **Defendants** are jointly and severally liable to Plaintiff for the damages suffered.

4.16  **Defendants'** negligence caused Plaintiff's aforementioned damages.

4.17  INSURERS 1-10 are liable to Plaintiff up to the limits of the insurance policy that they issued.

4.18  UNKNOWN DEFENDANTS 1-10 are liable to Plaintiff for their negligence in the occurrence of the accident which ultimately is the direct or contributory cause of the accident or for having the obligation to pay any compensation that Plaintiff is entitled to.

V.  **FIRST CAUSE OF ACTION**

5.1  The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

5.2  As a direct result of the above-stated negligent acts and/or omissions of **Defendants, PEÑA** suffered shock and trauma to his body, including his muscular, skeletal and nervous systems; and, he sustained a hand and upper and lower body injuries, which required surgery will most probably require additional medical care in the near future.

5.3  As a direct consequence of the severe shock and trauma **PEÑA** sustained, he suffered and continues to suffer from persistent and excruciating physical pains, aches and neurological deficits. Moreover, these injuries have caused him to suffer from severe loss or limitations of movement and permanent partial disabilities; and, to undergo organic, functional, physiological and neurological changes of a premature, degenerative and progressive nature. All of these injuries have also substantially limited his capacity to perform activities common for people of his age and sex, as well as his ability to participate and/or attend customary social and recreational activities and entertainment functions with his family and friends.

5.4     For these physical pains, injuries and disabilities, **PEÑA** is entitled to receive and hereby demands just and fair compensation from **Defendants**, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

VI.     **SECOND CAUSE OF ACTION**

6.1     The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

6.2     As a direct consequence of the above-stated negligent acts and/or omissions of **Defendants** and the resultant physical pains, injuries and disabilities sustained by **PEÑA**, he suffered, is suffering and will continue to suffer from permanent and severe mental anguish and emotional distress.

6.3     As further direct consequence of the foregoing, **PEÑA** sustained a loss of happiness and the capacity to enjoy life, and an inability to maintain normal social and familial relationships.

6.4     For these mental and emotional damages, **PEÑA** is entitled to receive and demands just and fair compensation from Defendants, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

VII.    **THIRD CAUSE OF ACTION**

7.1     The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

7.2     As a direct consequence of the above-stated negligent acts and/or omissions of **Defendants** and the resultant physical and mental damages sustained by **PEÑA**, he has incurred in medical expenses for surgery, treatment and medications, as well as other related expenses.

7.3     **PEÑA** is entitled to receive from Defendants as a full, just and fair compensation for past medical expenses a reasonable sum of no less than **FIFTY THOUSAND DOLLARS ($50,000.00).**

VIII.   **FOURTH CAUSE OF ACTION**

8.1	The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

8.2	As direct consequence of the above-stated negligent acts and/or omissions of **Defendants** and the resultant physical and mental damages sustained by **PEÑA**, his capacity and ability to work and earn income has been partially impaired.

8.3	**PEÑA** is entitled to receive from **Defendants** as a full, just and fair compensation for the past and future loss of income a reasonable sum of no less than **ONE MILLION DOLLARS ($1,000,000.00).**

IX.	**FIFTH CAUSE OF ACTION**

9.1	The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

9.2	As direct consequence of the above-stated negligent acts and/or omissions of **Defendants** and the resultant physical and mental damages sustained by **PEÑA**, he will require continued future and ongoing medical treatment, medications, care and as well as other related expenses.

9.3	**PEÑA** is entitled to receive from Defendants as a full, just and fair compensation for future medical expenses a reasonable sum of no less than **ONE MILLION DOLLARS ($1,000,000.00).**

X.	**PRAYER FOR RELIEF**

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the Plaintiff and against the defendant:

a. granting the plaintiff all the sums and remedies requested in the complaint;

b. imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

c. awarding Plaintiff a reasonable amount for attorneys' fees; and,

d. pre and post judgment interest;

e. He also claims to be compensated in accordance with the provisions of Article 1538 of the Civil Code of Puerto Rico in an amount equal to that indicated above for the injuries suffered.

f. granting the Plaintiff any other relief that they may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 2nd April, 2024.

**PEDRO R. VAZQUEZ, III PSC**

PMB No. 153
Esmeralda Ave, Suite 2
Guaynabo, PR 00969-4457
(787) 925-4669
Prvazquez3@gmail.com

*s/Pedro R. Vazquez*
Pedro R. Vázquez
USDC No. 216311